## UNITED STATES v. KALIX MILLS, Inc.
### Civ. A. 8852.

United States District Court
D. Massachusetts.

Dec. 4, 1951.

George F. Garrity, U. S. Atty., and Harry Bergson, Jr., Asst. U. S. Atty., both of Boston, Mass., for plaintiff.

Avery, Dooley, Post & Carroll, Herbert S. Avery and Clement J. Redmond, all of Boston, Mass., for defendant.

SWEENEY, Chief Judge.

This is an action of contract in which the United States seeks to recover the value of 321 pounds of thread entrusted to the care of the defendant for processing. This is a case which should have been adjusted between the parties.

### Findings of Fact

The facts are as follows:—

The defendant is a processor of threads, both hard and soft. The purpose of its process is to protect the threads from mildew. Under a contract the Government sent to the defendant on December 21, 1944, approximately 18,450 pounds of thread and on January 11, 1945, another 1,522 pounds of thread, so that on the completion of these shipments the plaintiff had shipped, according to its records, approximately 10,000 pounds of hard thread and 10,000 pounds of soft thread. These figures are approximate within 50 pounds for each type. The defendant did not examine the weights of each shipment, which the Government represented on the outside of the containers, but accepted the Government's figures as correct. It was the practice of the Government to call for small shipments of each of these types of processed thread, at which time names and addresses of consignees were noted. Things went along until sometime in late 1945 when apparently the contract was completed and the Government called to the attention of the defendant the fact that it was short 321 pounds of hard thread. The defendant in reply said that its records showed that it had shipped all of the hard thread but that it was over 321 pounds of soft thread. In other words, both parties agreed that regardless of whether we term it hard or soft, approximately 20,000 pounds were received by the defendant and 20,000 pounds were shipped out, less the 321 pounds which it admits having on hand. The Government seeks to rely upon the exact letter of its contract in regard to the hard thread, and states that it has no claim to the 321 pounds of soft thread in the hands of the defendant.

I am going to decide this case in favor of the defendant on the basis that the Govern-

ment has failed to establish by the greater weight of the evidence that it is entitled to recover. Since there is no disparity between the total number of pounds shipped in and the total number of pounds shipped out, plus that remaining in the hands of the defendant, it must follow that there has been error committed in one of two ways—either the weights of the hard thread and the weights of the soft thread as billed to the defendant by the Government were not accurate, or an error may have been made in processing 321 pounds of hard thread and shipping it as processed soft thread. Since there has been no complaint from a consignee that he received the wrong kind of thread, it is probable that the error occurred as first outlined above.

There is not enough evidence to establish what took place, and since the Government is at liberty to accept the 321 pounds of soft thread now in the hands of the defendant, who is willing to turn it over, it cannot be said that much loss has been suffered, if any.

The defendant has filed a counterclaim against the United States seeking damages for storage of the soft thread since notifying the United States that the thread was its property. The defendant has not submitted this claim to the General Accounting Office and had it disallowed in whole or in part.

### Conclusions of Law

From the foregoing I conclude and rule that the Government has failed to maintain the burden of proving that the defendant has failed to turn over to it 321 pounds of hard thread entrusted to the defendant for processing.

I further conclude and rule that the soft thread now in the hands of the defendant is the property of the United States and should be removed from the premises of the defendant within sixty days from this date.

I conclude and rule that the defendant cannot recover on its counterclaim for storage of the soft thread in view of 28 U.S.C.A. § 2406.